IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 21 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00131-BNB

WAYNE C. BRIGGS,
    Plaintiff,

v.

BILL RITTER (Governor of Colorado),
ARISTEDES W. ZAVARAS (Exec. Director of Colorado),
MARY CARLSON (Director of Time Comp.), and
CAROL McCORMACK (Case Manager),
    Defendants.

## ORDER OF DISMISSAL

Plaintiff Wayne C. Briggs was a prisoner in the custody of the Colorado Department of Corrections (DOC) when he initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On February 11, 2008, Mr. Briggs filed a notice of change of address stating that he has been released on parole. Mr. Briggs seeks monetary damages as well as declaratory and injunctive relief.

Mr. Briggs has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint at any time if the claims asserted are legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint as legally frivolous.

The Court must construe the complaint liberally because Mr. Briggs is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Briggs is challenging the DOC's authority to withhold earned time credits for disciplinary reasons. He alleges that prison officials are authorized to award up to ten days of earned time credits to inmates each month for "work and training, including attendance, promptness, performance, cooperation, care of materials, and saf[e]ty," for "group living, including housekeeping, personal hygiene, cooperation, social adjustment, and double bunking," and for "participation in counseling sessions and involvement in self help groups." (Prisoner Compl. at 4.) Mr. Briggs asserts that he was denied 160 days of earned time credits for disciplinary reasons during his incarceration, apparently in response to disciplinary convictions dating back to December 2003. He further asserts that he would have been released on parole on August 21, 2007, if the earned time credits had not been withheld. Mr. Briggs contends that the withholding of earned time credits for disciplinary reasons is not permitted either by state law or prison regulations.

Mr. Briggs specifically claims that he has been denied due process based on the withholding of 160 days of earned time credits. The Constitution guarantees due

2

process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The fact that Mr. Briggs was denied 160 days of earned time credits did not deprive him of life or property. Therefore, the due process claim Mr. Briggs asserts in this action depends upon the existence of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. State law also may create a liberty interest if the action inevitably will affect the length of the prisoner's confinement. *See Sandin*, 515 U.S. at 487.

The Court has reviewed the complaint filed by Mr. Briggs and finds that the due process claim he raises lacks merit. Earned time credits are not protected independently by the Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Colorado law also has not created a liberty interest in earned time credits. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). The Court notes initially that, contrary to Mr. Briggs' assertion in the complaint, DOC prison regulations do provide that offenders convicted of disciplinary offenses are not eligible for earned time credits

for a certain period of time following the conviction. *See* DOC Administrative Regulation 550-12(IV)(F)(3). In any event, the fact that discretionary earned time credits were withheld in response to disciplinary convictions is not an atypical and significant hardship in relation to the ordinary incidents of prison life.

In addition, under Colorado law, earned time credits do not constitute service of a prisoner's sentence and are used solely to determine the date on which he will be eligible for discretionary parole. *See Meyers v. Price*, 842 P.2d 229, 231-32 (Colo. 1992). Any impact on Mr. Briggs' parole eligibility date caused by the withholding of earned time credits did not inevitably affect the length of his confinement because the decision to release an inmate on parole "rests on a myriad of considerations." *Sandin*, 515 U.S. at 487. Therefore, there is no protected liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that loss of opportunity to earn good time credits that could lead to earlier parole is a speculative, collateral consequence of prison administrative decision that does not involve a liberty interest). In the absence of a constitutionally protected liberty interest, Mr. Briggs' due process claim is legally frivolous and must be dismissed.

Even if the Court assumed that the withholding of earned time credits from Mr. Briggs for disciplinary reasons could and did implicate a constitutionally protected liberty interest and caused him to be incarcerated too long, the instant action still would have to be dismissed. Under those circumstances, Mr. Briggs would be challenging the length of the sentence he actually served prior to being released on parole. His requests for declaratory and injunctive relief now are moot because he has been released on parole. A "plaintiff cannot maintain a declaratory or injunctive action unless

4

he or she can demonstrate a good chance of being likewise injured in the future."
***Facio v. Jones***, 929 F.2d 541, 544 (10th Cir. 1991).

Although Mr. Briggs' request for monetary relief would not be moot, that request would be barred until Mr. Briggs invalidates the decision to withhold the earned time credits. In ***Heck v. Humphrey***, 512 U.S. 477 (1994), the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. ***See Heck***, 512 U.S. at 486-87. The rule in ***Heck*** has been extended to claims challenging the results of administrative decisions. ***See Edwards v. Balisok***, 520 U.S. 641 (1997) (applying ***Heck*** to prison inmate's claims challenging procedures used to deprive him of good time credits); ***Crow v. Penry***, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that ***Heck*** applies to proceedings related to parole and probation).

Therefore, even if Mr. Briggs has a constitutionally protected liberty interest in the earned time credits that were withheld for disciplinary reasons, the instant action still must be dismissed. Accordingly, it is

he or she can demonstrate a good chance of being likewise injured in the future."
***Facio v. Jones***, 929 F.2d 541, 544 (10th Cir. 1991).

Although Mr. Briggs' request for monetary relief would not be moot, that request would be barred until Mr. Briggs invalidates the decision to withhold the earned time credits. In ***Heck v. Humphrey***, 512 U.S. 477 (1994), the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. ***See Heck***, 512 U.S. at 486-87. The rule in ***Heck*** has been extended to claims challenging the results of administrative decisions. ***See Edwards v. Balisok***, 520 U.S. 641 (1997) (applying ***Heck*** to prison inmate's claims challenging procedures used to deprive him of good time credits); ***Crow v. Penry***, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that ***Heck*** applies to proceedings related to parole and probation).

Therefore, even if Mr. Briggs has a constitutionally protected liberty interest in the earned time credits that were withheld for disciplinary reasons, the instant action still must be dismissed. Accordingly, it is

ORDERED that complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 18 day of March, 2008.

BY THE COURT:

*(signature)*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00131-BNB

Wayne C. Briggs
34827 W. Simmons Rd.
Sutherland, NE 69165

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/21/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk